IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEARY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-5769 |
| | : | |
| CALEB NWOSU et al., | : | |
| Defendants. | : | |
| | : | |

**Memorandum and Order**

YOHN, J.                                                                          October ___, 2007

      Plaintiff Robert Leary originally brought pro se negligence and 42 U.S.C. § 1983 claims against various defendants based on alleged denial of medial care while he was incarcerated by the City of Philadelphia ("City"). Plaintiff has now been appointed counsel, and presently before this court is plaintiff's motion for leave to file an amended complaint. Through the amended complaint, plaintiff seeks to add the City, Prison Health Services ("PHS"), and three John Doe defendants to the complaint and seeks to add new claims against the City. For the reasons discussed below, I will grant plaintiff's motion to file an amended complaint in part and will deny it in part. I will reserve judgment on whether the statute of limitations bars the addition of defendants Jane Doe #1 and Jane Doe #2 until plaintiff has had an opportunity to identify these defendants.

**I.     Factual & Procedural Background**

      Plaintiff Robert Leary was shot three times when an assailant attempted to rob him on February 21, 2004. He had surgery on his legs and groin immediately after the shooting. Two

days following the shooting, while still in need of post-surgical medical care, plaintiff was arrested by Philadelphia detectives for his alleged role in the shooting.  Plaintiff was held at the Southwest Detectives Division from approximately February 23, 2004 to February 26, 2004.  On or around February 26, 2004, plaintiff was transferred to Curran-Fromhold Correctional Facility ("CFCF").

Plaintiff filed his original pro se complaint on November 2, 2005.  Plaintiff alleged that he was denied medial treatment during his incarceration at CFCF and this denial of medical treatment resulted in a serious infection to his wounds, severe physical damage, and severe emotional distress.  The original complaint named seven defendants from CFCF:  Robert Tomaszewski, Dr. Caleb Nwosu, Dr. Benjamin Caoile, Madeline Bell, "Miss Cruise,"[1] Jane Doe #1, and Jane Doe #2.  Tomaszewski is employed by the City and was warden of CFCF at the time plaintiff was held at CFCF.  The other defendants are employees of PHS or were employees of PHS at the time of the alleged incidents.

Plaintiff filed his first motion for appointment of counsel on December 28, 2005.  This court denied that motion without prejudice because the defendants had not yet been served and because the claims and defenses were not clarified.  On June 29, 2006, plaintiff filed a second motion for appointment of counsel.  This court granted the second motion for appointment of counsel on July 7, 2006, and attorneys were located who would volunteer for appointment to represent plaintiff in April 2007.

---

[1]The identity of defendant Cruise is still uncertain.  The attorney for the PHS employees entered her appearance for Cruise and initially filed documents on Cruise's behalf, believing that "Miss Cruise" referred to Danessa Cruz, an employee at CFCF at the time of plaintiff's incarceration there.  At oral argument, it came to this court's attention that there remains some question as to whether Danessa Cruz is the defendant that plaintiff seeks.

Several procedural events took place during the nine months between this court's granting of plaintiff's motion for appointment of counsel and the actual appointment of counsel for plaintiff. On September 22, 2006 defendants Nwosu, Caoile, and Bell filed a motion to dismiss plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff contends that he was not receiving his mail at this time and did not receive notice of this motion. (Decl. of Robert Leary ("Leary Decl.") ¶ 3.) Plaintiff never filed a response to this motion to dismiss, and on October 24, 2006 this court granted the motion to dismiss as to defendants Nwosu, Caoile, and Bell without prejudice.[2]

Defendant Tomaszewski filed a motion for summary judgment on December 26, 2006. Plaintiff did not file a response to Tomaszewski's motion for summary judgment. On February 22, 2007, this court granted Tomaszewski's motion for summary judgment and entered judgment in favor of Tomaszewski and against plaintiff.

This court dismissed defendants Jane Doe #1 and Jane Doe #2 without prejudice on February 22, 2007 because plaintiff had not complied with the July 27, 2006 scheduling order to name defendants Jane Doe #1 and Jane Doe #2 within sixty days thereafter.

Plaintiff alleges that his lack of response to the proceedings in his case is due to the fact that he was not receiving mail and his belief that because the court had granted his motion for appointment of an attorney, an attorney was handling his case. While incarcerated, plaintiff's mail was sent to him at the prison. (Leary Decl. ¶ 1.) After leaving prison in May of 2006, plaintiff notified this court to send his mail to his aunt's house. (*Id.* ¶ 3.) Plaintiff's aunt began

---

[2] At oral argument, the attorney for PHS and the PHS employees stated that they do not object to the filing of an amended complaint as to defendants Nwosu, Caoile, and Bell.

forwarding plaintiff's mail to him, but they had a falling out around July 2006, and plaintiff's aunt stopped forwarding plaintiff's mail to him. (*Id.* ¶¶ 3-4.) Consequently, plaintiff did not receive the motion to dismiss, the motion for summary judgment, or the scheduling order, and he was not aware of the status of his case until his new attorneys contacted him in the spring of 2007. (*Id.* ¶ 6.) Plaintiff states that he was not surprised at the lack of correspondence from the court because his motion for a court-appointed attorney had been granted and he assumed a court-appointed attorney would be handling the day-to-day matters of his case. (*Id.* ¶ 5.)

Plaintiff's court-appointed attorneys entered their appearances on April 18, 25, and 27, 2007. Shortly thereafter, plaintiff notified this court of his intent to file a motion for leave to file an amended complaint. The trial that had been scheduled for May 7, 2007 was continued pending the outcome of plaintiff's anticipated motion for leave to amend the complaint.

In his original complaint, plaintiff based his claims on the alleged lack of medical care provided to him while he was incarcerated at CFCF. In the proposed amended complaint, plaintiff seeks to add claims based on the alleged denial of medical care while being held at Southwest Detectives prior to his transfer to CFCF. These new claims based on the events at Southwest Detectives are against entirely new defendants whom plaintiff seeks to add—the City and three John Doe defendants. Plaintiff also seeks to add PHS, the employer of defendants Nwosu, Caoile, Bell, and Cruise. This court held oral argument on June 8, 2007 on the issue of whether the statute of limitations makes the filing of an amended complaint a futile act.

## II.   Discussion

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the

adverse party; and leave shall be freely given when justice so requires." Amendments to the complaint pursuant to Rule 15 are "liberally granted" and "rest within the sound discretion of the trial court." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983), *cert. denied*, 464 U.S. 937 (1983); *see also Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) ("[T]he district court's discretion to deny leave to amend" is limited by the "liberal amendment philosophy" of the Federal Rules of Civil Procedure.). Prejudice to the nonmoving party is a primary factor to consider when determining whether to allow an amendment. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 833 (3d Cir. 1978)). Undue delay, bad faith, and futility are additional factors that justify denial of leave to amend. *Id.* Absent these factors, however, it is an abuse of discretion to deny leave to amend. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The defendants do not assert, and nothing in the facts demonstrates, bad faith. Thus, I will only address undue prejudice, undue delay, and futility.

**A.     Undue Prejudice**

"Prejudice to the non-moving party is the 'touchstone'" in determining whether to deny leave to amend a complaint. *Lorenz*, 1 F.3d at 1414 (citing *Cornell*, 573 F.2d at 833). Merely claiming prejudice will not lead to denial of leave to amend, however. *See Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981). The nonmoving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present factors or evidence which it would have offered" if plaintiff's amendment had been timely. *Id.*

The PHS defendants argue that because the medical care in question took place over three

5

years ago, "much of the information and many of the persons familiar with the allegations set forth in the Complaint may no longer be accessible." (Resp. of Defs. Nwosu, Bell, and Caoile ("PHS Defs.' Resp.") 5.) Although the incident in question occurred over three years ago, the original complaint was filed within the two-year time period provided by the statute of limitations. The parties named in the original complaint, who were employees of PHS and the City, were on notice at the time the original complaint was filed that they needed to preserve evidence. Therefore, the argument that the evidence related to and people involved with the incident may not be discoverable is without merit.

The City argues that it will be prejudiced by an amended complaint because the incident occurred more than three years ago and discovery has already been completed. (City of Philadelphia's Resp. 8-9.) The City argues at one point in its brief that discovery has already been completed, but elsewhere it argues that plaintiff should not be allowed to amend his complaint because he has not yet conducted any discovery whatsoever. (*See* City of Philadelphia's Resp. 7.) Contrary to the City's assertions that discovery has been completed, plaintiff contends that no discovery has been conducted by the defendants. (*See* Leary Decl. ¶ 7.) Whether discovery has been conducted by any of the parties is unclear. Even if discovery has been completed, however, "the need for additional discovery does not conclusively establish prejudice." *See Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990). Furthermore, if additional time for discovery is necessary, this court will grant time for the parties to complete discovery.

The City additionally states that it will be prejudiced by an amended complaint because a summary judgment motion has been filed and the case is on the eve of trial. (City of

Philadelphia's Resp. 9.) The fact that summary judgment has been granted against one of the named defendants does not automatically preclude the filing of an amended complaint. *See Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). The filing of an amended complaint after summary judgment has been granted to an adverse party may bear on issues of judicial economy. *See id.* Allowing an amended complaint in this case will not jeopardize judicial economy, however, because the trial would have been postponed anyway due to the new appointment of counsel for plaintiff. Moreover, in a case where the Third Circuit allowed an amended complaint after summary judgment, it stated that "amendment of a complaint is not unusual at the summary judgment stage of the case." *Adams*, 739 F.2d at 869.

Aside from these cursory assertions, the defendants do not demonstrate they would be unfairly disadvantaged or otherwise deprived of the opportunity to present evidence; they have not pointed to any specific circumstances demonstrating prejudice. Therefore, neither the PHS defendants nor the City have alleged undue prejudice sufficient to justify denial of plaintiff's motion for leave to amend.

**B.    Undue Delay**

When addressing delay, particularly after a grant of summary judgment, the court is to "focus on the movant's reasons for not amending sooner." *See Cureton*, 252 F.3d at 273 (citing *Adams*, 739 F.2d at 868). Delay alone is not sufficient; the delay must be undue. *Id.* Delay may be undue if a movant has had previous opportunities to amend and has not taken advantage of those opportunities. *Id.*

Defendants argue that leave to amend is not proper in this case because plaintiff's delay is undue and unexplained (PHS Defs.' Resp. 6; City of Philadelphia's Resp. 7-8.) Plaintiff counters

that his delay is not undue and is explained by his original pro se status. (Pl.'s Reply 5.)[3]

Plaintiff's delay in filing for leave to amend is sufficiently explained by plaintiff's pro se status. Pro se plaintiffs are to be granted more leeway when they do not follow "the technical rules of pleading and procedure." *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993), *cert. denied* 510 U.S. 1196 (1994). While acting pro se, plaintiff lacked the legal knowledge necessary to adequately represent himself. Furthermore, plaintiff filed the motion for leave to file an amended complaint within one month of receiving appointed counsel. The prompt filing of the motion after receiving the assistance of counsel, combined with plaintiff's lack of legal sophistication and original pro se status, precludes a finding of undue delay.

Finally, defendants do not allege, nor do the facts demonstrate, that plaintiff's delay is due to a dilatory motive. Tactical decisions and dilatory motives may lead to a finding of undue delay. In *Cureton v. NCAA*, the Third Circuit found undue delay in seeking leave to amend because plaintiffs had made a tactical decision not to pursue an amended complaint until after they lost their first argument on summary judgment. 252 F.3d at 271-72, 273-74. Here, however, there is no evidence of a tactical decision or dilatory motive in not amending the complaint sooner. Rather, the delay is due to the plaintiff's lack of knowledge. For these reasons, the time period between the filing of the original complaint and filing for leave to file an amended complaint does not constitute undue delay.

---

[3] Plaintiff also attempts to explain his delay by the fact that he was not receiving his mail. (Pl.'s Reply 5.) I will not address this argument because I find that plaintiff's pro se status provides sufficient justification for his failure to seek leave to amend earlier in the proceedings.

### C.     Futility, the Statute of Limitations, and Relation Back Under 15(c)

A claim is futile and leave to amend may be denied properly "where the amendment would not withstand a motion to dismiss." *Massarsky*, 706 F.2d at 125; *see also Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Defendants argue that plaintiff's amended complaint is time barred, and therefore futile, because the statute of limitations has expired. (*See* PHS Defs.' Resp. 4; City of Philadelphia's Resp. 7.) Because part of plaintiff's amended complaint relates back to the original complaint, part of the amended complaint is not time barred and therefore is not futile.

When evaluating § 1983 claims, federal courts apply the forum state's statute of limitations for personal injury actions. *See Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Pennsylvania's two-year statute of limitations for personal injury governs both plaintiff's claim under § 1983 and his negligence claim. *See* 42 Pa. Cons. Stat. § 5524 (2005). Plaintiff's alleged injury occurred from February 23, 2004 through September 2004, while he was incarcerated by the City. The motion to file an amended complaint was filed on May 8, 2007, more than two years later.

Because the limitations period on plaintiff's claims has run, the amended complaint will only be permitted if it can relate back to the original, timely filed, complaint. *See Urrutia v. Harrisburg County Police Dept. et al.*, 91 F.3d 451, 457 (3d Cir. 1996). Federal Rule of Civil Procedure 15(c)(3) governs the relation back of complaints and "aims to ameliorate the harsh result of the strict application of the statute of limitations." *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (citations omitted). The relevant portions of Rule 15(c) are:

9

> (c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
> > . . . ,
> >
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> >
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

In his amended complaint, plaintiff is seeking to add new parties and new claims, in addition to amending the claims against the previously named defendants. Rule 15(c)(3) allows amended complaints that add new parties, but all three requirements of 15(c)(3) must be satisfied in order for the amended complaint to relate back to the original complaint and not be time barred. *See Singletary v. Pa. Dep't of Corrs.*, 266 F.3d 186, 189 (3d Cir. 2001).

The amended complaint lists Jane Doe #1 and Jane Doe #2, who were also listed in the original complaint. At some point, they will have to be replaced with named defendants. In the Third Circuit, replacing a John Doe defendant with a named defendant is equivalent to changing a party or naming a new party under Rule 15(c). *Garvin*, 354 F.3d at 220. An amended complaint naming previously unidentified defendants relates back only if the three requirements in Rule 15(c)(3) are met. *Id.* With the identify of Jane Doe defendants #1 and #2 still unknown, it is not possible to determine whether they had notice within the appropriate time period and whether they will be prejudiced by being added to this action. I will reserve judgment on

whether Jane Doe #1 and Jane Doe #2 relate back until they are identified.

### 1. 15(c)(2): Same Conduct, Transaction, or Occurrence

Rule 15(c) requires "a common core of operative facts" between the original complaint and the amended complaint for the claims in the amended complaint to arise from the same conduct, transaction, or occurrence as the original complaint. *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). When determining whether a common core of operative facts exists, the court is to look at "whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." *Id.* (citing *Michelsen v. Penney*, 135 F.2d 409, 416-17 (2d Cir. 1943)). An amended complaint that expands on and provides further details about the factual scenario outlined in the original complaint arises from the same conduct, transaction, or occurrence as the original complaint. *See id.*

Plaintiff's proposed amended complaint includes more specific information pertaining to the facts and theories of the alleged denial of medical treatment while he was incarcerated at CFCF, beginning on or around February 26, 2004. The additional facts and theories in the amended complaint merely provide greater detail about the § 1983 and negligence claims in the original complaint. Thus, the amended claims pertaining to the alleged denial of medical treatment while plaintiff was incarcerated at CFCF involve the same conduct, transaction, or occurrence as the original complaint.

The proposed amended complaint also includes new claims based on the alleged denial of medical treatment while plaintiff was incarcerated at Southwest Detectives, from approximately February 23, 2004 to February 26, 2004. The original complaint did not include any allegations

based on events occurring while plaintiff was at Southwest Detectives, nor did it include any allegations based on defendants' actions prior to February 26, 2004. The events at Southwest Detectives took place at a different location, during a different time frame, and involved different parties than those alleged in the original complaint. Given these differences in time and location, the City and John Doe defendants #3, #4, and #5 could not have been on notice of the need to build a defense based on the events that took place at Southwest Detectives from February 23, 2004 to February 26, 2004. Plaintiff's motion to file an amended complaint will therefore be denied as to the allegations regarding his treatment while at Southwest Detectives because these allegations do not meet the requirements of 15(c)(2). Accordingly, John Does #3, #4, and #5 cannot properly be added as defendants.[4]

## 2.     15(c)(3)(A):  Notice and Absence of Prejudice

Rule 15(c)(3)(A) requires notice to the nonmoving party and an absence of prejudice to the nonmoving party in order for an amended complaint to relate back to the original complaint. *See Singletary*, 266 F.3d at 194 (citing *Urrutia*, 91 F.3d at 458). Prejudice is closely intertwined with notice because "the amount of prejudice a defendant suffers under 15(c)(3) is a direct effect of the type of notice he receives." *Id.* at 194 n.3. To meet the requirements of 15(c)(3)(A), notice does not have to be by service of process and can be either actual or constructive. *See id.* at 194-95. In *Singletary v. Pennsylvania Department of Corrections*, the Third Circuit recognized two ways in which constructive notice can meet the requirements of 15(c)(3):  the

---

[4] Because of this conclusion, I will not address whether the claims based on the events at Southwest Detectives and the claims against John Does #3, #4, and #5 meet the requirements of 15(c)(3)(A) & (B).

shared attorney method and the identity of interest method.  *See id.* at 195-200.

The shared attorney method "is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Id.* at 196.  When determining whether a party to be added to an amended complaint received notice under the shared attorney method, the inquiry "is whether notice of the institution of this action can be imputed to [the party to be added] within the relevant 120 day period." *Id.*  As discussed below, the shared attorney method of notice applies to the City and to PHS.

The City's attorney in this matter is employed by the City as a city solicitor and represented defendant Tomaszewski in the same matter.  A city solicitor always represents the City, so the city solicitor represented the City at the time plaintiff filed the original complaint and at the time he entered an appearance for Tomaszewski.  Furthermore, the City does not dispute that it had timely notice of the complaint.  Given the shared representation between the City and Tomaszewski and the city solicitor's ongoing representation of the City, the City had notice of the action within the relevant period.  Given the timely notice of the complaint, and for the reasons given above regarding the absence of prejudice, the City would not be prejudiced if the complaint is amended.  Therefore, the requirements of 15(c)(3)(A) are met as to the City.

Similarly, PHS had notice because of shared representation.  The attorney representing PHS is the same attorney representing Nwosu, Caoile, and Bell, the individual defendants named in the original complaint.  PHS employs the individually named defendants and conceded at oral argument that it would stand behind any judgment entered against its employees.  Moreover,

PHS does not dispute that it received timely notice of the original complaint. Because PHS received timely notice of the complaint and, as discussed above, because it would not be prejudiced if the complaint is amended, the requirements of 15(c)(3)(A) are met as to PHS.

### 3.     15(c)(3)(B): But for Mistake Concerning the Identity of the Proper Party, Action Would Have Been Brought Against Party

The third requirement of Federal Rule of Civil Procedure 15(c)(3) is that within the time period provided by Federal Rule of Civil Procedure 4(m), "the party to be brought in by the amendment . . . knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Plaintiff argues this requirement is met because his mistake in not naming PHS as a defendant in the original complaint was due to a legal mistake plaintiff made while pro se, and this type of mistake falls under the mistake prong of 15(c)(3). (Pl.'s Reply 9-10.) PHS argues this case falls under *Mailey v. SEPTA*, 204 F.R.D. 273, 276 (E.D. Pa. 2001), which held that the mistake prong was not satisfied when the plaintiff failed to identify defendants in the original complaint and these defendants could have been identified through diligent investigation. (PHS Defs.' Resp. 8.) The PHS defendants argue that if plaintiff had conducted a diligent investigation prior to filing the complaint, he would have identified PHS as a potential defendant because PHS's name appears on plaintiff's medical records. (*Id.*)

The PHS defendants' reliance on *Mailey* is misplaced because Third Circuit cases subsequent to *Mailey* have used a broader interpretation of "mistake" under 15(c)(3). In *Arthur v. Maersk, Inc.*, an experienced seaman sued his employers after being injured on four different ships. 434 F.3d 196, 199 (3d Cir. 2006). After the statute of limitations for filing a complaint

14

had expired, the plaintiff learned his employers were statutorily immune from suit and the United States government, as the actual owner of the ships, was the proper defendant. *Id.* at 201. On appeal, the United States argued the mistake prong of 15(c)(3) was not satisfied because plaintiff was an experienced seaman and he should have recognized that the designation "U.S.N.S." on the ships signified the ships were owned by the United States. *Id.* at 207. The Third Circuit stated, "[t]hat the ships bore this designation does not preclude a finding that Arthur was reasonably mistaken regarding the identity of the potentially liable party in this case." *Id.* at 208. The court further stated, "[i]t is of no consequence that Arthur's mistake resulted from lack of knowledge, rather than mere misnomer." *Id.* The court found that the plaintiff's mistake in identifying the proper defendant, which was based on a lack of knowledge, constituted a mistake for the purposes of 15(c). *See id.*

If a represented, experienced seamen's mistake in not identifying the proper owner of a ship, despite markings on the ship identifying the owner, is excusable under 15(c)(3), then it follows that a pro se plaintiff's mistake in not identifying an employer as a potential defendant, despite the presence of the employer's name on the plaintiff's medical records, is also excusable under 15(c)(3). Thus, in the instant case, plaintiff's legal mistake in not naming PHS as a defendant in the original complaint, even though PHS was identified on plaintiff's medical records, constitutes a mistake for the purposes of 15(c)(3). The same reasoning applies to plaintiff's mistake in not naming the City as a potential defendant in his original complaint. Plaintiff's mistake was due to his lack of legal knowledge as to whether the City could be a potential defendant, and this suffices for the purposes of 15(c)(3).

As the employer of four of the defendants named in the original complaint, PHS knew or

should have known that but for a mistake concerning the identity of the proper party, it would have been named in the original complaint. Similarly, as Tomaszewski's employer, the City knew or should have known that but for a mistake in the identity of the proper party, it would have been named in the original complaint.

### D. Addition of City as Defendant Despite Judgment in Favor of Tomaszewski

The City argues that suing CFCF Warden Tomaszewski in his official capacity, as he was sued in plaintiff's original complaint, was really a suit against the City; therefore, the City was an original party to the suit. (City of Philadelphia's Resp. 5-6.) Additionally, the City argues that because the suit against Tomaszewski was dismissed on summary judgment, the suit against the City has effectively been dismissed. (*Id.*) Amended complaints may be allowed after summary judgment, however. *See Adams*, 739 F.2d at 869. Thus, the City's argument that a suit against it is barred because of the summary judgment entered in favor of Tomaszewski is invalid.[5]

## III. Conclusion

For the foregoing reasons, and due to the liberal amendment policy of the Federal Rules of Civil Procedure, leave to amend the complaint is warranted under Rule 15(a). The prerequisites for relation back under 15(c) have been met for the individually named defendants, for PHS, and for the City. Therefore, plaintiff will be allowed to amend his complaint with respect to the events allegedly taking place at CFCF, beginning on or around February 26, 2004,

---

[5]Plaintiff requests this court to consider the motion for leave to amend the complaint as an additional request to vacate this court's order granting summary judgment for Tomaszewski and to substitute the City for Tomaszewski as a defendant in this lawsuit. (Pl.'s Reply 12.) Because I have found that the City can properly be added as a new party under the requirements of 15(c)(3), the summary judgment order against Tomaszewski does not have to be vacated.

as to those parties. Rule 15(c) requirements have not been met for the events allegedly taking place at Southwest Detectives from approximately February 23, 2004 to February 26, 2004 and claims relating to those events may not be included in the amended complaint. The requirements of 15(c) have not been met for the John Doe defendants #3, #4, and #5, and plaintiff will thus not be allowed to amend his complaint as to those parties.

      An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEARY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-5769 |
| | : | |
| CALEB NWOSU et al., | : | |
| Defendants. | : | |
| | : | |

## Order

AND NOW on this _____ day of October 2007, upon careful consideration of plaintiff's motion for leave to file an amended complaint (Docket No. 49), defendants' responses, and plaintiff's reply, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint as to the alleged events occurring at the Curran-Fromhold Correctional Facility beginning on or around February 26, 2004 and to add defendants Prison Health Services and the City of Philadelphia is GRANTED.

2. Plaintiff's motion for leave to file an amended complaint to add claims based on events allegedly occurring at Southwest Detectives from approximately February 23, 2004 to February 26, 2004 and to add defendants John Doe #3, John Doe #4, and John Doe #5 is DENIED.

3. Plaintiff has 10 days from the filing of this order to file an amended complaint.

4. Plaintiff has 60 days from the filing of this order to identify and name defendants Jane Doe #1 and Jane Doe #2.

5. Plaintiff has 60 days from the filing of this order identify defendant Miss Cruise.

                                                                                              _____

                                                                                             William H. Yohn Jr., Judge